UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CONNIE ROWNEY** | **CASE NO. 3:23-CV-00516** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **USAA CASUALTY INSURANCE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Petitioner, CONNIE ROWNEY, a person of the full age of majority and domiciled in the State of Louisiana, who respectfully represents:

I.

*Plaintiff amends Paragraph One (1) to the Plaintiff's Original Petition for Damages to read as follows:*

1.

MADE DEFENDANTS HEREIN ARE:

A)  **USAA GENERAL INDEMNITY COMPANY**, believed to be a foreign insurer authorized to do and doing business in the State of Louisiana, who may be served through their agent for service, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

II.
*By amending Paragraph 9, 10, 12, 13, 14 & 15*

9.

At the time of the crash, the defendant, **USAA GENERAL INDEMNITY COMPANY,** provided an underinsured/uninsured motorist insurance policy to **CONNIE ROWNEY,** under the

1

laws of the State of Louisiana, was in full force and effect at the time of the accident, and which insurance inures to the benefit of Petitioner under the provisions of the Louisiana Direct Action Statute, L.A. R.S. 22:1269. This coverage was acknowledged by **USAA GENERAL INDEMNITY COMPANY.**

10.

Defendant, **USAA GENERAL INDEMNITY COMPANY**, is therefore liable, *in solido*, unto the Petitioner for the damages incurred as a result of said collision.

12.

Petitioner avers that by virtue of the contract between **USAA GENERAL INDEMNITY COMPANY** and **CONNIE ROWNEY**, Louisiana Revised Statute. 22:1892 and Louisiana Revised Statute 22:1973 require **USAA GENERAL INDEMNITY COMPANY** to pay the amount due in damages to **CONNIE ROWNEY** within the time allowed by law following receipt of satisfactory proof of loss.

13.

Petitioner avers that **USAA GENERAL INDEMNITY COMPANY** failed to pay the amount due in damages to **CONNIE ROWNEY** within the statutorily prescribed period following receipt of satisfactory proof of loss in violation of Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973, respectively, **USAA GENERAL INDEMNITY COMPANY,** is responsible for paying **CONNIE ROWNEY** the full extent of the damages, penalties, attorneys fees and costs specified in Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973.

14.

Petitioner avers that **USAA GENERAL INDEMNITY COMPANY,** also needlessly failed to fulfill its affirmative duty to conduct a timely and reasonable investigation and/or failed to take timely substantive and affirmative steps to accumulate the facts necessary to obtain satisfactory proof

of loss in violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973. Therefore, **USAA GENERAL INDEMNITY COMPANY** is responsible for paying **CONNIE ROWNEY** the full extent of the damages, penalties, attorneys fees and costs specified in Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973.

15.

Defendant, **USAA GENERAL INDEMNITY COMPANY**, has arbitrarily and capriciously failed to tender sufficient amounts of the UM policy after sufficient proof of loss was submitted to **USAA GENERAL INDEMNITY COMPANY,** by Plaintiff on November 3, 2022, and after Plaintiff reiterated their position on December 7th and therefore **USAA GENERAL INDEMNITY COMPANY,** is in direct violation of Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973.

*By amending the Prayer of the Original Petition for Damages as follows*:

WHEREFORE PETITIONER PRAYS that the defendant be served with a copy of this petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of the petitioner, **CONNIE ROWNEY,** and against the defendant, **USAA GENERAL INDEMNITY COMPANY**, *in solido* for compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings.

PETITIONER FURTHER PRAYS that, in the event **USAA GENERAL INDEMNITY COMPANY** is found to have violated LSA-R.S. 22:1973 and/or LSA-R.S. 22:1892 as stated in Paragraph 10 above, there be judgment in favor of the petitioner, **CONNIE ROWNEY** and against the defendant, **USAA GENERAL INDEMNITY COMPANY** for additional damages pursuant to LSA-R.S. 22:1973, penalties pursuant to LSA-R.S. 22:1973 and LSA-R.S. 22:1892, and attorney's

fees pursuant to LSA-R.S. 22:1892 in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings.

      PETITIONER FURTHER PRAYS for any and all additional legal equitable relief which this Honorable Court may deem necessary and proper.

Respectfully Submitted,

                        /s/ Mark K. White
                        Mark K. White (#34814)
                        Attorney for CONNIE ROWNEY
                        2700 Forsythe Avenue
                        Monroe, LA 71201
                        Telephone: (318) 855-0859
                        Facsimile: (318) 398-2791
                        mwhite@getgordon.com

**PLEASE SERVE:**

**USAA GENERAL INDEMNITY COMPANY**
Through its agent for service of process:
Louisiana Secretary of State,
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**FRANK K. CARROLL**
**Attorney for USAA GENERAL INDEMNITY COMPANY**
8570 Business Park Drive, Suite 200
Shreveport, LA 71105